FILED
09/10/2018
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 8, 2018 Session

### SUSAN HEMBREE SCHUMACHER v. KERRY JAMES SCHUMACHER

**Appeal from the Circuit Court for Davidson County**
**No. 00D-2918      Philip E. Smith, Judge**

_____

### No. M2016-02585-COA-R3-CV

_____

Because the order appealed is not a final judgment, we dismiss this appeal for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Karla C. Miller, Nashville, Tennessee, for the appellant, Susan Hembree Schumacher.

Hellen Sfikas Rogers and Lawrence J. Kamm, Nashville, Tennessee, for the appellee, Kerry James Schumacher.

### MEMORANDUM OPINION[1]

This case involves a number of contentious post-divorce issues. Previously, in an order entered on July 25, 2017, this Court noted that the record transmitted on appeal did not contain a final judgment and that the trial court had erred in directing the entry of a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Rather than dismiss the appeal at that time, we gave the parties ninety days following the entry of the order within which to obtain a final judgment disposing of all the claims in the case, or else show cause why the appeal should not be dismissed. By order entered on October 25, 2017, however, we extended the deadline for obtaining a final judgment to

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

November 30, 2017. A final judgment was not obtained within that timeframe, but on December 5, 2017, this Court entered an order extending the deadline once again, fixing the deadline as December 8, 2017.

Although an order was entered by the trial court on December 8, 2017, the case is still not properly before us. Under Rule 13(b) of the Tennessee Rules of Appellate Procedure, we are required to consider whether we have subject matter jurisdiction to adjudicate this appeal. Except as otherwise provided, our subject matter jurisdiction is limited to final orders. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). An order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final. *See In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). A final judgment is one that resolves all the issues in the case, leaving nothing else for the court to do. *Id.* (citation omitted).

Here, there are two concerns that prevent the trial court's December 8, 2017 order from being considered a final judgment. First, although that order did address a previously unresolved issue, i.e., whether Ex-Husband was entitled to a judgment for alleged overpayments in alimony, the order is still not final. Whereas the trial court determined that Ex-Husband was entitled to a judgment for alimony payments made subsequent to the filing of his petition to terminate Ex-Wife's alimony, the court did not specify in the order on appeal the amount of the judgment for those overpayments. This issue, therefore, has yet to be resolved and could also be the subject of appellate review.

The December 8, 2017 order is also deficient in another respect. Rule 58 of the Tennessee Rules of Civil Procedure provides that a judgment, marked on the face by the clerk as filed for entry, must contain one of the following:

(1) the signatures of the judge and all parties or counsel, or

(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

(3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Tenn. R. Civ. P. 58. If an order does not comply with Rule 58, it is not a final judgment and is "ineffective as the basis for any action for which a final judgment is a condition precedent." *Steppach v. Thomas*, No. W2008-02549-COA-R3-CV, 2009 WL 3832724, at *4 (Tenn. Ct. App. Nov. 17, 2009) (quoting *Citizens Bank of Blount Cnty. v. Myers*, No. 03A01-9111-CH-422, 1992 WL 60883, at *3 (Tenn. Ct. App. Mar. 30, 1992)). Here, the December 8, 2017 order does contain the signature of the trial judge, but it does not contain signatures of counsel or otherwise demonstrate Rule 58 compliance by way of an

appropriate certificate of service. Specifically, we observe that the last page of the order simply reads as follows:

ENTERED this the __8th__ day of _____, 2017.

_____
PHILIP E. SMITH, JUDGE

cc:

Helen S. Rogers
Attorney for Petitioner
2205 State Street
Nashville, TN 37203

Karla C. Miller
Attorney for Respondent
631 Woodland St.
Nashville, TN 37206

Although the names and addresses of the parties' respective counsel are identified, such identification is not in connection with a proper certificate of service as required by Rule 58.

In light of the foregoing concerns, the trial court's judgment currently on appeal is not a final judgment. The appeal is, therefore, dismissed due to the absence of subject matter jurisdiction, and the case is remanded to the trial court for further proceedings consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE